**Opinion issued April 20, 2017**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-16-00447-CR**

_____

**CHANDRE LACHELLE DAVISON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Case No. 1486856**

---

**MEMORANDUM OPINION**

Appellant, Chandre Lachelle Davison, was accused of murdering her two-year-old daughter. She was indicted in three separate causes on three counts with distinct allegations of felony murder. Davison ultimately agreed to plead guilty in exchange for the State dismissing two counts and reducing the other charge, in trial court cause number 1486856, from felony murder to injury to a child. The trial court

assessed punishment at 25 years' incarceration. We dismiss the appeal for lack of jurisdiction.

The trial court's certification of Davison's right to appeal noted that this was a plea bargain with no right to appeal and that she had waived the right to appeal. We ordered the trial court to make findings about Davison's right to appeal and, if necessary, to complete a corrected certification.

A supplemental clerk's record was filed containing the trial court's findings of fact and conclusions of law. The trial court found that, because the State agreed to reduce the charge and dismiss two pending counts of felony murder against Davison, her agreement to plead guilty was part of an agreed charge bargain and she has no right to appeal absent the trial court's written permission. The trial court also found that Davison, as part of her plea bargain, expressly and knowingly waived her right to appeal. The State has filed a motion to dismiss, contending that Davison does not have the right to appeal.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal. *See id.* The trial court's certification states that this is a plea bargain case and that the

defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, we grant the State's motion and dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Justices Jennings, Higley, and Massengale.
Do not publish.  TEX. R. APP. P. 47.2(b).